B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Banco Bilbao Vizcaya Argentaria Puerto Rico | DEFENDANTS<br><br>José Antonio Santiago Vázquez |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Meléndez-Pérez, De Diego & Jiménez<br>PO BOX 19328, San Juan, PR 00910-1328<br>Tel. 787-622-3939 | ATTORNEYS (If Known)<br>Juan Manuel Suárez Cobo - Legal Partners<br>PSC 138 Winston Churchill Ave. Suite 316<br>San Juan, PR 00926-6023 |
| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to discharge under 11USC 727 (7) based on the concealment,transfer or destruction of assets of related debtor J & B Enterprises in the capacity of debtor as an insider.

## NATURE OF SUIT

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought<br>Discharge be denied | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>José Antonio Santiago Vázquez | BANKRUPTCY CASE NO.<br>09-01574 (BKT) 7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE<br>Brian K. Tester |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>May 21, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William Santiago-Sastre |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>JOSE ANTONIO SANTIAGO VAZQUEZ<br>Debtor<br><br>PLAINTIFF:<br>BANCO BILBAO VIZCAYA<br>ARGENTARIA PUERTO RICO<br>vs.<br>DEFENDANT:<br>JOSE A. SANTIAGO VAZQUEZ | CASE NO.: 09-01574<br><br>CHAPTER 7<br><br>ADVERSARY NUMBER: |

## COMPLAINT OBJECTING TO DISCHARGE

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1334(a), 151, 157 and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1984 of the Honorable Juan Torruella.

2. Venue lies with this Court under 28 U.S.C. §1409(d).

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B)(I) and (O).

### II. THE PARTIES

1. BBVA-Puerto Rico is a banking institution duly authorized to do business in the Commonwealth of Puerto Rico. It is a secured creditor in this case, and it also was a secured creditor in the related case of J & B Enterprises Corp. (05-04230 (SEK) 7)

2. The defendant Jose Santiago-Vazquez is a debtor of BBVA-Puerto Rico in the amount of $345,080.00, the payment of which is guaranteed by a second mortgage for $73,000.00 over his residence and a judicial lien for $215,000.00 over their residence.

## III. FACTS

1. Debtor José Santiago was the president and principal stockholder of J & B Enterprises Corp.

2. J & B Enterprises Corp. operated a business named Creative Concept "The Spa". BBVA-Puerto Rico financed the acquisition of certain personal property to be used in "The Spa". The description of the property is as follows: 20 Exuma Styling Stations, steel and Brass; 20 Back Service Units; 8 Onglet Manicure tables; 20 Tebe Styling Chairs; 20 Base L. Hidraulic Pumps; 1 Mr. ray all Purpose Chair; 6 Feng Shampoo Bowls/Chairs; 2 Tenore Sinks for Color; 2 Move Stations; 1 Vague 2 Places Sofa; 1 Reception Desk Saleya Style; 1 Opale Seat; 2 Grilio reception Sofa; 4 Cryers Axial Alu; and 4 Axial Alu Wall Arms.

3. In 2005, J & B Enterprises filed a chapter 7 petition during which proceedings the Trustee, Mr. Jorge Gerena-Mendez, sought to sell the above property, but later abandoned the same on April 5, 2006.

4. At all times pertinent during 2005, 2006 and 2007, BBVA-Puerto Rico sought to inspect and recover the above personal property which had a lien in favor of the bank.

5. Debtor with the intent to hinder BBVA- Puerto Rico's efforts to recover the personal property permitted it to be concealed and permitted it to be destroyed.

## IV. CAUSE OF ACTION

1. The debtor Jose Santiago Vazquez has committed an act specified in paragraph two (2) of 11 U.S.C. 727 concerning an insider in connection with the case of J &B Enterprises Inc. ,as more fully appears above.

2. Specifically Jose Santiago-Vazquez, with the intent to hinder, delay, or

2

defraud BBVA-Puerto Rico transferred, removed, destroyed, mutilated or concealed property of the estate of J & B Enterprises Inc., after the filing of the petition of J & B Enterprises Inc.

3. This conduct falls squarely within the exception to discharge pf 11 U.S.C. 727 (2) and (7).

**WHEREFORE** it is requested from this Honorable Court to deny debtor discharge.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on the 21st day of May, 2010.

MELENDEZ-PEREZ, DE DIEGO & JIMÉNEZ
Attorney for BBVA
PO Box 19328, San Juan, PR 00910-1328
Tel: 787-622-3939/Fax: 787- 622-3941
E-Mail: wsantiago@mpdjlaw.com

William Santiago-Sastre, Esq.
USDC PR 201106

57.39

3