## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br> JOSÉ ANTONIO SANTIAGO VÁZQUEZ <br><br> DEBTOR | CASE NO. 09-01574-BKT <br><br> CHAPTER 7 |
| BANCO BILBAO VIZCAYA PUERTO RICO <br><br> PLAINTIFF <br><br> V. <br><br> JOSÉ ANTONIO SANTIAGO VÁZQUEZ <br><br> Defendant | ADV.PROC.NO. 10-00088 |

### ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Defendant, **José Antonio Santiago-Vázquez,** represented by the undersigned attorney and in answering the complaint in this action, states and alleges:

1. The allegations contained in ¶¶ 1, 2 and 3 of section I the Complaint are jurisdictional averments, legal conclusions, speculation, which do not require a response. In the event that they do, they are denied.

2. The allegations contained in ¶ 1 of section II the Complaint is admitted in part and denied in part. It is admitted that plaintiff is a secured creditor in this case and in case 05-04230. The rest of the allegation is denied for lack of knowledge or information sufficient to form a belief as to their veracity.

1

3.  The allegations contained in ¶ 2 of section II the Complaint is denied as alleged. We admit to the existence of a mortgage for $73,000 and a judicial lien for $215,000.00 on information and belief, predicated in a title search filed with proof of claim 3. The rest of the allegation is denied.

4.  The allegations contained in ¶ 1 of section III the Complaint is admitted.

5.  The allegations contained in ¶ 2 of section III the Complaint is admitted in part and denied in part. The averment is admitted in that *"J & B Enterprises Corp. operated a business named Creative Concept 'The Spa'. BBVA-Puerto Rico financed the acquisition of certain personal property to be used in 'The Spa'."* The rest of the allegation is denied for lack of knowledge or information sufficient to form a belief as to their veracity.

6.  The allegations contained in ¶ 3 of section III the Complaint is denied as alleged, because it pretends to summarize and characterize a judicial proceeding. The Defendant admits all procedural facts of which this Honorable Court takes judicial notice of.

7.  The allegations contained in ¶ 4 of section III the Complaint is denied.

8.  The allegations contained in ¶ 5 of section III the Complaint is denied.

9.  The allegations contained in ¶¶ 1 and 3 of section IV the Complaint are legal conclusions and speculation, which do not require a response. In the event that they do, they are denied.

10. The allegations contained in ¶ 2 of section IV the Complaint is denied.

## AFFIRMATIVE DEFENSES

11. The Complaint fails to state a claim for relief against the debtor.

12. Plaintiff comes to this Court with unclean hands and is barred from seeking any relief by virtue of the doctrine of laches. It is also stopped from challenging the situation its course of conduct created.

13. The loss of the collateral was caused by normal wear and tear, and for causes not attributable to the Defendant.

14. The loss of the collateral was self inflected because plaintiff failed to timely pickup the collateral.

15. The Defendant does not have a valid lien over the collateral.

16. The Defendant lost their lien over the collateral by statutory application.

17. The defendant acted according to law and in good faith at all times.

18. The defendant were not personally involved in the alleged violation.

19. Plaintiff failed to state a cognizable claim under section 11 U.S.C. § 727

20. The complaint is time-barred.

21. Plaintiff's claims are precluded by the doctrines of Res Judicata/Claim Preclusion and/or Collateral Estoppel/Issue Preclusion.

22. The Court may not entertain because it is prevented by the Rooker-Feldman doctrine.

23. Plaintiff lacks standing to bring this complaint.

24. The lost property is not property of the estate

25. The lost property was not property of the debtor

26. The Defendant reserves the right to amend their Affirmative Defenses and their Answer to the Complaint.

**WHEREFORE**, the Defendant, José Antonio Santiago-Vázquez respectfully request this Honorable Court to enter judgment in their favor dismissing the Complaint with prejudice, awarding it costs, disbursements, reasonable attorney's fees, and granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: William Santiago Sastre, Esq., Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

In Carolina, Puerto Rico, October 22, 2010

**LEGAL PARTNERS, P.S.C.**  
Box 316, Señorial Station  
San Juan, P.R. 00926-6023  
Telephone: (787) 791-1818  
Fax: (787)791-4260  

*s/ Juan M. Suarez Cobo*  
**JUAN M. SUÁREZ COBO**  
USDCPR 211010  
suarezcobo@prtc.net  
Attorney for Defendant