IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| | CASE NO. 09-01574 BKT |
| JOSE ANTONIO SANTIAGO VAZQUEZ | CHAPTER 7 |
| | |
| Debtor(s) | ADVERSARY NO. 10-00088 |
| BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO | |
| | |
| Plaintiff | |
| | |
| JOSE ANTONIO SANTIAGO VAZQUEZ | FILED & ENTERED ON 08/31/2011 |
| | |
| Defendant(s) | |

## OPINION AND ORDER

On May 24, 2010, Banco Bilbao Vizcaya Argentaria Puerto Rico ("Plaintiff") filed a complaint to object a discharge under 11 U.S.C. § 727 (a) (2) and (7).  On January 4, 2011 during the discovery process, Defendant filed a motion for the dismissal of this adversary procedure and for the imposition of attorney's fees and costs upon the Plaintiff.  In the motion, Defendant alleged that Plaintiff failed to state a claim upon which relief may be granted.  Defendant argued that this was a frivolous complaint since neither of the allegations made by Plaintiff, as to the property or transfers in questions or to the time it happened, were based on property of this estate or the debtor [Dkt. No. 36].

1

On January 12, 2011, the Court allowed Plaintiff thirty (30) days to reply to Defendant's motion to dismiss [Dkt. No. 37]. Although Plaintiff was granted an extension of five (5) days to reply to Defendant's motion to dismiss, Plaintiff never replied [Dkt. No. 41 and 42]. Therefore, on March 7, 2011, the Court granted Defendant's motion to dismiss, and Defendant's attorney was ordered to file a motion within twenty (20) days setting forth his fees and costs [Dkt. No. 44]. On March 24, 2011, in compliance with the Court's order, Defendant's attorney filed a motion, wherein he described the alleged reasonable and necessary fees and costs incurred in the defense, which amounted to $7,291.38 [Dkt. No. 46].

On April 5, 2011, Plaintiff, as requested, was granted an extension until April 25, 2011 to file a reply to Defendant's motion for attorney's fees and costs [Dkt. No. 48]. Plaintiff, on the same day said reply was due, requested an additional extension of time and on April 26, 2011, filed its reply opposing Defendant's attorney fees and costs. In the opposition to the imposition of fees and cost, Plaintiff set forth, among other things, the arguments in opposition to the motion to dismiss, even though the motion had already been granted previously [Dkt. No. 50 and 52].

On May 11, 2011 and May 13, 2011 respectively, Defendant was granted its motion for the Leave to File Reply to Plaintiff's opposition to fees and costs and subsequently its urgent request for additional time to reply [Dkt. No. 54 and 56]. On June 15, 2011, Defendant replied to Plaintiff's opposition to fees and costs, stating the particular facts in this adversary proceeding and the legal authority which would allow this Court to impose the fees and costs requested [Dkt. No. 60]. On July 1, 2011, Plaintiff was denied an extension of time to sur-reply and Defendant's motion for fees and costs was granted [Dkt. No. 62]. Upon the issuance of this Court's order, Plaintiff filed a motion

2

under Federal Rule of Bankruptcy Procedure 7052 to obtain findings of fact and conclusions of law [Dkt. No. 64]. This opinion follows.

## LEGAL ARGUMENT

The award of costs to Defendant is allowed to the prevailing party under Fed R. Bankr. P. 7054(b). Rule 7054(b) states, in relevant part, "that the court may allow costs to the prevailing party...."  Costs may be defined as an allowance which the law awards to the prevailing party against the losing party as an incident of the judgment to reimburse a party for certain expenses which that party has incurred in the maintenance of the action.  While attorney's fees are generally not taxable as costs or recoverable as an element of damages, there are exceptions to this general rule; Fed. R. Bankr. P. 9011 which provides for the award of attorney's fees, and as sanctions for aggravated conduct such as willful disobedience to a court order, bad faith or oppressive behavior.

11 U.S.C. § 105, on its description of the Power of the Court, states as follow:

(a) The court may issue **any order**, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or **to prevent an abuse of process**. *(Emphasis added).*

Case law interpreting the courts' inherent powers establishes that a federal court [...] possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct.   *See*, Chambers v. NASCO, Inc., 501 U.S. 32, 43-44, 111 S. Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991). A court may invoke its inherent power in conjunction with, or instead of, other sanctioning provisions such as Rule 9011.  *Id*. at 46-50, 111 S. Ct. at 2133-36.  *See also*, In re Heck's Properties, Inc., 151 B.R. 739, 765 (S.D.W.Va.1992) ("It is well-recognized, however, quite apart from Rule 9011, that

3

courts have the inherent authority to impose sanctions upon [litigants] who [are] found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons."). In re Weiss, 111 F3d 1159 (4th Cir. 1997). The seminal case on a federal court's inherent authority is the Chambers case, supra, which held that courts have an "inherent authority" to sanction "bad faith" or "willful misconduct," even in the absence of express statutory authority to do so.

> In addition, 28 U.S.C. § 1927 prescribes that:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so **multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.** *(Emphasis added).*

Pursuant to the Court's equitable powers, an award of attorney's fees as a sanction is justified. In the above captioned proceeding, Plaintiff never replied to Defendant's motion to dismiss, (even after the Court granted an extension to do so). Therefore, the adversary was dismissed. Relying upon its inherent authority to impose sanctions and in the exercise of its discretion, this court finds that the proper sanction that should be imposed as the minimum necessary to the deter future litigation abuse is the reimbursement of the Defendants' reasonable legal expenses generated in defending this groundless action. The imposition of sanctions in the amount of the Defendants' reasonable attorney's fees is necessary to deter future unnecessary litigation and to educate the Plaintiff and her attorney. In re Allnutt, 220 B.R. 871 (Bkrtcy.D. Md. 1998).

This Court construed Plaintiff's questionable legal and factual grounds to commence this proceeding and its refusal to reply to Defendant's motion to dismiss as the latent manner in which it unreasonably and vexatiously multiplied the proceedings. Hence, Plaintiff and/or his attorney is

4

required to satisfy the reasonable attorneys' fees and costs incurred because of such conduct in the

amount of $7,291.38 within twenty (20) days.

SO ORDERED.

San Juan, Puerto Rico, this 31 day of August, 2011.

Brian K. Tester
U.S. Bankruptcy Judge