IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JOSE ANTONIO SANTIAGO VAZQUEZ

           Debtor(s)

BANCO BILBAO VIZCAYA ARGENTARIA
PUERTO RICO

           Plaintiff

JOSE ANTONIO SANTIAGO VAZQUEZ


          Defendant(s)

CASE NO. 09-01574 BKT

CHAPTER 7

ADVERSARY NO. 10-0088



FILED & ENTERED ON 11/04/2011

## OPINION AND ORDER

This proceeding is before the Court upon Plaintiff's motion requesting entry of order to amend judgment [Dkt. No. 76], the Defendant's Opposition to the Plaintiffs' motion [Dkt. No. 83], and Plaintiff's sur reply [Dkt. No. 86]. In essence, Plaintiff's sur reply is requesting that the Court reconsider its findings of fact and conclusions of law entered on August 31, 2011 [Dkt. No. 74], under FRCP 59(e). For the reasons set forth below,  the Plaintiff's motion to amend the judgment is hereby denied.

### I. PROCEDURAL BACKGROUND

On May 24, 2010, Banco Bilbao Vizcaya Argentaria Puerto Rico ("Plaintiff") filed a complaint to object a discharge under 11 U.S.C. § 727 (a) (2) and (7). On January 4, 2011, during the discovery process, Defendant filed a motion for the dismissal of this adversary proceding and for the imposition of attorneys' fees and costs upon the Plaintiff. In the motion, Defendant alleged that Plaintiff failed to state a claim upon which relief may be granted. Defendant argued that this was a frivolous complaint since the allegations made by Plaintiff, as to the property or transfers in questions or to the time it happened, were based on

property of this estate or the debtor [Dkt. No. 36]. On January 12, 2011, the Court allowed Plaintiff thirty (30) days to reply to Defendant's motion to dismiss [Dkt. No. 37]. Although Plaintiff was granted an extension of five (5) days to reply to Defendant's motion to dismiss, Plaintiff never replied [Dkt. No. 41 and 42]. Therefore, on March 7, 2011, the Court granted Defendant's motion to dismiss, and Defendant's attorney was ordered to file a motion within twenty (20) days setting forth his fees and costs [Dkt. No. 44].

On March 24, 2011, in compliance with the Court's order, Defendant's attorney filed a motion, wherein he described the alleged reasonable and necessary fees and costs incurred in the defense, which amounted to $7,291.38 [Dkt. No. 46]. On April 5, 2011, Plaintiff, as requested, was granted an extension until April 25, 2011 to file a reply to Defendant's motion for attorneys' fees and costs [Dkt. No. 48]. Plaintiff, on the same day said reply was due, requested an additional extension of time and on April 26, 2011, filed its reply opposing Defendants' attorney fees and costs. In the opposition to the imposition of fees and cost, Plaintiff set forth, among other things, the arguments in opposition to the motion to dismiss, even  though the motion had already been granted previously [Dkt. No. 50 and 52].

On May 11, 2011, and May 13, 2011, respectively, Defendant was granted its motion for the Leave to File Reply to Plaintiff's opposition to fees and costs and subsequently its urgent request for additional time to reply [Dkt. No. 54 and 56]. On June 15, 2011, Defendant replied to Plaintiff's opposition to fees and costs, stating the particular facts in this adversary proceeding and the legal authority which would allow this Court to impose the fees and costs requested [Dkt. No. 60]. On July 1, 2011, Plaintiff was denied an extension of time to sur-reply and Defendant's motion for fees and costs was granted [Dkt. No. 62]. Upon the issuance of this Court's order, Plaintiff filed a motion under Federal Rule of Bankruptcy Procedure 7052 to obtain findings of fact and conclusions of law

[Dkt. No. 64].1 This Court granted Plaintiff's request, and issued an opinion and order on August 31, 2011 [Dkt. No. 74]. The opinion set forth the legal rationale used by the Court in granting the award of costs and attorney's     fees to Defendant. On September 14, 2011, Plaintiff filed its' motion to amend the Court's judgment. In that motion, Plaintiff requested specifically that the award of attorneys' fees and costs be set off against the balance of the mortgage over the residence of Debtor/Defendant. Although the Plaintiff cited FRCP 59 (e), he made no arguments in this regard. It is in the sur reply [Dkt. No. 86] that Plaintiff pleads that the Court correct alleged manifest errors of law and fact under either FRCP 59(e) or FRCP 60(b). This opinion follows.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order  of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).  This is a non-core proceeding in accordance with 28 U.S.C. §157(b).

II. STANDARD OF REVIEW

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under FRCP 59 or a motion for 'relief from judgment' under FRCP 60.   Equity  Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall

---

1 On July 15, 2011, Plaintiff filed a Notice of Appeal to the BAP [Dkt. No. 65]. For reasons unknown to this court, on August 16, 2011, Plaintiff withdrew, without prejudice, the appeal filed. On August 26, 2011, the BAP mandate was issued dismissing the appeal [Dkt. No.73]

under Rule 59(e).[2] If the motion is served after that time it falls under Rule 60(b)." Van Skiver, *supra,* 952 F.2d at 1243 (10th Cir.1991); In re Rodriguez, 233 B.R. 212, 218–19 (Bankr.D.P.R.1999). In the instant case, Plaintiffs' motion to amend the judgment was filed fourteen (14) days after the Court's judgment, as per FRCP 6(a). The Plaintiff argues 'mistake of law or fact' which    is a determinative factor under both Rules. Therefore, the motion will be construed as one pursuant to FRCP 59(e) which is made applicable to bankruptcy cases by FRBP 9023. In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly  discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Bankr. Pro. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law.  402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).  Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment.  The underlying policy of reconsideration is to provide a court with a means to correct its own errors.  White v. New Hampshire Dept. of Employment Sec.  , 455 U.S. 445, 450 (1982).  Conversely, Rule 59(e) does not exist to allow parties a second chance to prevail on the merits.  Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court.  Id. at 616 (citing FDIC v. Meyer, 781 F.2d 1260, 1268

---

2 The Rules now allow for fourteen days instead of ten from the entry of judgment.

(7th Cir. 1986)).   The party cannot use  a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997). As the First Circuit noted in Harley-Davidson Motor ,  the  rule is "aimed at reconsideration, not initial consideration."  Id. at 616. (citing New Hampshire Dept. of Employment Sec., 455 U.S. at 450).  See also  _____ , Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999) (Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected).

## III. DISCUSSION

Plaintiff prays for the court to amend the judgment pursuant to its powers to fashion remedies  under 11 U.S.C. § 105, but provides no arguments in this regard. The bulk of the Plaintiff's sur reply focuses on what they allege are the substantial mistakes of law or fact contained in the court's judgment of August 31, 2011 [Dkt. No. 74].  Citing case law which deals with a court sanctioning bad faith on behalf of a party, the Plaintiff argues, for the first time, that the court must find bad faith based on "clear evidence." In re: James Green, 422 B.R. 469 (Bkrtcy.S.D.N.Y., 2010). That same case holds that to impose sanctions, either in exercise of its inherent authority or upon unreasonable-and-vexatious-multiplication theory, court must find clear evidence (1) that offending party's claims were entirely without color; and (2) that claims were brought in bad faith, i.e., with some improper purpose, such as harassment  or delay. In re: James Green, *supra*. As the First Circuit has confirmed, Rule 59(e), "certainly does not allow a party . . . to advance arguments that could and should have been presented to the district court prior to the judgment." Crawford v. Clark, 578 F.3d 39, 33 (1st Cir. 2009). Plaintiff failed to make this    argument in its opposition to the Defendant's motion for fees and costs filed on April 26, 2011

[Dkt. No. 50], instead choosing to defend their position to Defendant's motion to dismiss - a matter which had already been adjudicated by this Court and was unappealable.

It strikes the Court as unnecessary to re-enter a discussion of the arguments advanced by the Plaintiff's that were already rejected in the analysis that resulted in the order awarding attorneys' fees and  costs in the instant case.  Because the Plaintiff has failed to establish a  manifest error of law, this Court finds that the Plaintiff is not entitled to reconsideration under Federal Rules of Bankruptcy Procedure, Rule 9023.

WHEREFORE, IT IS ORDERED that Plaintiff's motion requesting entry of order to amend the judgment shall be, and it hereby is, DENIED. Hence, Plaintiff and/or his attorney is required to satisfy the reasonable attorneys' fees and costs in the amount of $7,291.38 within twenty (20) days.

SO ORDERED.

San Juan, Puerto Rico, this 04 day of November, 2011.

Brian K. Tester
U.S. Bankruptcy Judge